UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| MICHAEL CRISCIO, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO.: |
| : | |
| CITY OF SPRINGFIELD, : | |
| MGM SPRINGFIELD, LLC, : | |
| COMMONWEALTH OF : | |
| MASSACHUSETTS, : | |
| CHRISTOPHER COTTO, : | |
| STEVEN MOORE, and : | |
| GARY SCOTT, : | |
|     Defendants. : | |
| : | |

**COMPLAINT AND JURY DEMAND**

    This is a case about excessive use of force and conspiracy. It features constitutional violations perpetrated by the City of Springfield, Springfield Police Officer Christopher Cotto, the Department of the Massachusetts State Police, Trooper Steven Moore, MGM Springfield, LLC, and Gary Scott. The Plaintiff, Michael Criscio brings this complaint seeking compensation for the harms he suffered as a result of the Defendants' wrongful conduct.

**PARTIES**

1. The Plaintiff, Michael Criscio ("Mr. Criscio") is a natural person residing in Durham, Middlesex County, Connecticut.

2. The Defendant, City of Springfield ("the City"), is a municipal entity with a principal place of business located at 36 Court Street, Springfield, Hampden County, Massachusetts. At all times relevant to the Complaint, the City maintained and operated the City of Springfield Police Department and its employees.

1

3. The Defendant, MGM Springfield, LLC, ("MGM"), is a Massachusetts limited liability company with a principal place of business located at 100 Franklin Street, 9th Floor, Boston, Suffolk County, Massachusetts.

4. The Defendant, the Commonwealth of Massachusetts ("Commonwealth") is a municipal entity with a principal place of business located at One Ashburton Place, Boston, Suffolk County, Massachusetts. At all times relevant to the Complaint, the Commonwealth maintained and operated the Massachusetts Department of the State Police and its employees.

5. The Defendant, Christopher Cotto ("Cotto"), is a natural person residing in the Commonwealth of Massachusetts. At all times relevant to the Complaint, Cotto was employed by the City of Springfield as a police officer. Cotto is being sued in his official and individual capacity.

6. The Defendant, Steven Moore ("Moore"), is a natural person residing in the Commonwealth of Massachusetts. At all times relevant to the Complaint, Moore was employed by the Commonwealth and/or the Massachusetts State Police as a state police trooper. Moore is being sued in his official and individual capacity.

7. The Defendant, Gary Scott ("Scott"), is a natural person who at all times relevant to the Complaint was employed by MGM as a security manager.

## JURISDICTION AND VENUE

8. The court has jurisdiction over this action pursuant to 42 U.S.C. § 1983, which gives the district court jurisdiction over all civil actions arising from violations of rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

9. This court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343 which gives the district court jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

10. This court also has supplemental jurisdiction over the Plaintiff's state law claims, pursuant to 28 U.S.C. §1367.

11. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this action occurred in this district.

## FACTUAL ALLEGATIONS

12. On or about May 11, 2019, and for some time prior thereto, the Defendant Cotto was employed by the Defendant, the City as a Springfield police officer.

13. On or about May 11, 2019, and for some time prior thereto, the Defendant Moore was employed by the Defendant, the Commonwealth as a Massachusetts State Police trooper.

14. On or about May 11, 2019, and for some time prior thereto, the Defendant Scott was employed by the Defendant, MGM as a security manager.

15. On or about May 11, 2019, Mr. Criscio was an invitee at the MGM Casino ("MGM") in Springfield, Massachusetts. Mr. Criscio was present at MGM for the purpose of managing professional boxers in the Murphy's Boxing event, which was held at MGM that evening.

16. At the same time and place, Mr. Criscio proceeded to the TAP sports bar at MGM to meet with his boxers.

17. Following a meeting with his boxers, Mr. Criscio exited the TAP sports bar and was walking through MGM on his way back to his hotel room when he was asked for identification by MGM security personnel.

18. At this time, Mr. Criscio advised the security personnel that he did not have any identification on his person, but that he was returning to his hotel room for the evening.

19. As Mr. Criscio continued to his hotel room, at least five MGM security personnel, Defendant Cotto, Defendant Moore, and Defendant Scott began to pursue Mr. Criscio through the casino.

20. Suddenly, and without warning, Defendant Scott grabbed Mr. Criscio from behind and forcibly pulled Mr. Criscio to the ground.

21. At this time, several other MGM security personnel and police officers surrounded Mr. Criscio and forced him to the ground.

22. Defendant Cotto proceeded to punch Mr. Criscio in the back of the head while he was pinned to the ground in a prone position.

23. While Mr. Criscio was pinned to the ground in a prone position, Defendant Moore activated his taser to Mr. Criscio's upper back.

24. Several security personnel and officers then pulled Mr. Criscio's arms behind his back and handcuffed him.

25. Given his obvious injuries, Mr. Criscio was transported by ambulance to Mercy Medical Center for emergency medical treatment.

26. Mr. Criscio was then transported to the Springfield police station and was booked on criminal charges of Disorderly Conduct, Resisting Arrest, and Threat to Commit a Crime.

27. In order to justify his use of excessive force, Defendant Cotto authored a false police report alleging that Mr. Criscio faced officers in a fighting stance and threatened to shoot officers, which prompted officers to take him to the ground for their safety.

28. A MGM security camera, which captured the above-mentioned events, showed Defendant Scott grabbing Mr. Criscio from behind and slamming him on the ground before Defendant Cotto punched him and Defendant Moore tasered him.

29. At no time prior to the Defendants Cotto, Moore, and Scott grabbing Mr. Criscio and punching and tasering him did Mr. Criscio place his hands on the Defendants Cotto, Moore, or Scott.

30. On May 14, 2019, Mr. Criscio was arraigned in the Springfield District Court on one count of Disorderly Conduct, one count of Resisting Arrest, and one count of Threat to Commit a Crime.

31. To date, Mr. Criscio's charges remain pending in the Springfield District Court.

32. As a direct and proximate result of the Defendants Cotto, Moore, and Scott's conduct, Mr. Criscio has sustained severe pain of body and anguish of mind.

33. As a direct and proximate result of the Defendants Cotto, Moore, and Scott's conduct, Mr. Criscio has suffered and continues to suffer from, inter alia: bilateral wrist sprains; a right thumb sprain; an injury to his left radial nerve; a sprain to his right shoulder; cervical, thoracic and lumbar sprains; scarring; and sub-acute headaches.

## COUNT I
### Unreasonable Seizure, Detention, and Arrest - Violation of 42 U.S.C. §1983
### (Christopher Cotto & City of Springfield)

34. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 33 of the Complaint and, by reference incorporates the same herein.

35. At all times relevant to the Complaint, the Defendant Cotto was acting under the color of state law in his capacity as a Springfield Police Officer.

36. Defendant Cotto detained and arrested the Plaintiff in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37. The Defendant Cotto seized, detained, and arrested the Plaintiff without reasonable suspicion or probable cause.

38. The Defendant Cotto's conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of the Plaintiff and therefore warrants the imposition of punitive damages.

## COUNT II
### Unreasonable Seizure – Excessive Force in Violation of 42 U.S.C. §1983
### (Christopher Cotto & City of Springfield)

39. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 38 of the Complaint and, by reference incorporates the same herein.

40. At all times relevant to the Complaint, the Defendant Cotto was acting under the color of state law in his capacity as a Springfield Police Officer.

41. The Defendant Cotto's unjustified use of force on the Plaintiff deprived the Plaintiff of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42. As a result of the Defendant Cotto's conduct, the Plaintiff suffered serious bodily injuries, mental and physical pain and suffering, loss of enjoyment of life, and permanent scarring and disfigurement.

43. The conduct of the Defendant Cotto was willful, wanton, malicious, and done with reckless disregard for the rights and safety of the Plaintiff and therefore warrants the imposition of punitive damages.

### COUNT III
### Municipal Liability – Unconstitutional Custom and Policy – *Monell* Violation of 42 U.S.C. §1983
### (City of Springfield)

44. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 43 of the Complaint and, by reference incorporates the same herein.

45. On and for some time prior to May 11, 2019, the Defendant the City deprived the Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that the Defendant, the City and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of the Plaintiff by knowingly maintaining, enforcing, and applying an official recognized custom, policy, and practice of:

   (a) Employing and retaining police officers and other personnel, including the Defendant Cotto, whom the Defendant the City knew or should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written police department policies;

   (b) Inadequately supervising, training, controlling, assigning, and disciplining police officers, and other personnel, who the Defendant, the City knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c) By failing to adequately train officers, including the Defendant Cotto, and failing to institute appropriate policies, regarding the use of excessive force;

(d) By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of the Defendant, the City were done with a deliberate indifference to individuals' safety and rights;

(e) Inadequately training the Defendant, the City's police officers, including the Defendant Cotto; and

(f) By allowing false allegations and police reports to be filed and pursued following the discovery of contradicting information.

46. As a result of the aforementioned inadequate customs and policies of the Defendant, the City, the Plaintiff suffered serious bodily injuries, mental and physical pain and suffering, loss of enjoyment of life, and permanent scarring and disfigurement and other damages not specified herein.

47. The Defendant, the City is liable to the Plaintiff for compensatory damages under 42 U.S.C. §1983.

**COUNT IV**
**Unreasonable Seizure – Excessive Force in Violation of 42 U.S.C. §1983**
**(Steven Moore and Massachusetts State Police)**

48. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 47 of the Complaint and, by reference incorporates the same herein.

49. At all times relevant to the Complaint, the Defendant Moore was acting under the color of state law in his capacity as a Massachusetts state police trooper.

50. The Defendant Moore's unjustified use of force on the Plaintiff deprived the Plaintiff of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

51. As a result of the Defendant Moore's conduct, the Plaintiff suffered serious bodily injuries, mental and physical pain and suffering, loss of enjoyment of life, and permanent scarring and disfigurement.

52. The conduct of the Defendant Moore was willful, wanton, malicious, and done with reckless disregard for the rights and safety of the Plaintiff and therefore warrants the imposition of punitive damages.

**COUNT V**
**Municipal Liability – Unconstitutional Custom and Policy**
**– *Monell* Violation of 42 U.S.C. §1983**
**(Massachusetts State Police)**

53. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 52 of the Complaint and, by reference incorporates the same herein.

54. On and for some time prior to May 11, 2019, the Defendant the Commonwealth deprived the Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that the Defendant the Commonwealth and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of the Plaintiff by knowingly maintaining, enforcing, and applying an official recognized custom, policy, and practice of:

(a) Employing and retaining police officers and other personnel, including the Defendant Moore, whom the Defendant the Commonwealth knew or should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written police department policies;

(b) Inadequately supervising, training, controlling, assigning, and disciplining police officers, and other personnel, who the Defendant the Commonwealth knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c) By failing to adequately train officers, including the Defendant Moore and failing to institute appropriate policies, regarding the use of excessive force;

(d) By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of the Defendant the Commonwealth were done with a deliberate indifference to individuals' safety and rights;

(e) Inadequately training the Defendant the Commonwealth's state troopers, including the Defendant Moore; and

(f) By allowing false police allegations and police reports to be filed and pursued following contradicting information coming to light.

55. As a result of the aforementioned inadequate customs and policies of the Defendant the Commonwealth, the Plaintiff suffered serious bodily injuries, mental and physical pain and suffering, loss of enjoyment of life, and permanent scarring and disfigurement.

56. The Defendant the Commonwealth is liable to the Plaintiff for compensatory damages under 42 U.S.C. §1983.

## COUNT VI
### Assault and Battery
### (Christopher Cotto, Steven Moore, and Gary Scott)

57. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 56 of the Complaint and, by referenced incorporates the same herein.

58. The Defendants Cotto, Moore, and Scott intentionally touched the Plaintiff's person without legal justification or excuse.

59. To the extent the Defendants Cotto, Moore, and Scott were justified in touching the Plaintiff's person, the degree of force they used was excessive, unjustified, and unreasonable.

60. The Plaintiff did not consent to the Defendants Cotto, Moore, and Scott touching his person.

61. As a direct and proximate result of the Defendants Cotto, Moore, and Scott's wrongful conduct, the Plaintiff: serious bodily injuries, mental and physical pain and suffering, loss of enjoyment of life, and permanent scarring and disfigurement and other damages not otherwise specified herein.

## COUNT VII
### False Arrest/False Imprisonment – Massachusetts General Laws c. 263, §3
### (Christopher Cotto, Steven Moore, and Gary Scott)

62. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 61 of the Complaint and, by reference incorporates the same herein.

63. The Defendants Cotto, Moore, and Scott, while in the scope of their employment as a police officer, state trooper, and security manager intentionally deprived the Plaintiff of his freedom of movement by use of force in order to detain, seize, and arrest the Plaintiff.

11

64. The Defendants Cotto, Moore, and Scott detained, seized, and arrested the Plaintiff without reasonable suspicion or probable cause that the Plaintiff committed any crime.

65. The Plaintiff did not voluntarily or knowingly consent to his detention, seizure, or arrest.

66. Upon information and belief, the Plaintiff did not feel that he was free to leave as he lay pinned on the ground,

67. By using excessive force to detain, seize, and arrest the Plaintiff without reasonable suspicion or probable cause, the Plaintiff was deprived of his liberties without justification.

68. The conduct of the Defendants Cotto, Moore, and Scott was malicious, wanton, oppressive, and accomplished with a reckless disregard for the rights of the Plaintiff, entitling the Plaintiff to an award of punitive damages.

## COUNT VIII
### Massachusetts Tort Claims Act – M.G.L. c. 258 §§ 2 & 4
### (City of Springfield and Commonwealth of Massachusetts)

69. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 68 of the Complaint and, by reference, incorporates the same herein.

70. At all times relevant to the Complaint, the Defendants Cotto and Moore were acting in the course and scope of their employment as police officers and state troopers for the Defendants the City and the Commonwealth.

71. At all times relevant hereto, the Defendants Cotto and Moore owed a duty to the Plaintiff to insure he was not harmed or injured while being taken into custody and while was actually in custody.

72. The Defendants Cotto and Moored breached their duties of care to the Plaintiff by using excessive force which resulted in substantial injury to the Plaintiff.

73. As a direct and proximate result of the Defendants Cotto and Moore's breaches of their duties of care, the Plaintiff suffered substantial physical and emotional injuries including, but not limited to: bilateral wrist sprains; a right thumb sprain; an injury to his left radial nerve; a sprain to his right shoulder; cervical, thoracic and lumbar sprains; scarring; sub-acute headaches, and other damages and losses as described herein entitling him to compensatory damages, economic damages, medical expenses, and special damages in amounts to be determined at trial.

74. On April 23, 2021, Plaintiff's counsel served the Defendant, the City with a presentment letter pursuant to the Massachusetts Tort Claims Act [Massachusetts General Laws Chapter 258, Section 4], by and through the Mayor Domenic Sarno and City Solicitor Attorney Edward Pikula.

75. To date, the Defendant the City has not responded to the presentment letter or made an offer to resolve this case.

76. On April 20, 2021, Plaintiff's counsel served the Massachusetts State Police with a presentment letter pursuant to the Massachusetts Tort Claims Act [Massachusetts General Laws Chapter 258, Section 4], by and through the Massachusetts Attorney General's Office and Massachusetts State Police Colonel Christopher S. Mason.

77. On April 29, 2021, the Massachusetts Executive Office of Public Safety and Security advised Plaintiff's counsel that the Massachusetts State Police was investigating the Plaintiff's claim.

78. To date, the Defendant the Commonwealth has not made an offer to resolve this case.

## COUNT IX
### Malicious Prosecution
### (Christopher Cotto and the City of Springfield)

79. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 78 of the Complaint and, by reference incorporates the same herein.

80. The Defendants Cotto and the City commenced a criminal prosecution against the Plaintiff in the Springfield District Court on charges of: Disorderly Conduct; Resisting Arrest; and Threat to Commit a Crime.

81. The Plaintiff did not, at any time relevant to the facts of this case, ever engage in fighting or threatening behavior; engage in violent or tumultuous behavior; or create a hazardous or physically offensive condition by an act that served no legitimate purpose.

82. The Plaintiff did not, at any time relevant to the facts of this case, ever engage in using or threatening to use physical force or violence against a police officer, or use any other means which create a risk of bodily injury to a police officer or another.

83. The Plaintiff did not, at any time relevant to the facts of this case, ever express an intent to injure the person or property of another; intend to carry out threats which would constitute a crime; or make threats that could have reasonably caused any person to be placed in fear.

84. The Defendants Cotto and the city commenced and continued a criminal prosecution against the Plaintiff knowing and/or having reason to know that they lacked probable cause.

85. The Defendants Cotto and the City commenced and continued a criminal prosecution against the Plaintiff with malicious intent toward the Plaintiff.

86. As a direct and proximate result of the Defendants Cotto and the City's malicious prosecution, the Plaintiff was forced to retain private counsel to defend the charges against him and has suffered, and will continue to suffer: serious bodily injuries, mental and physical pain and suffering, loss of enjoyment of life, and permanent scarring and disfigurement and other damages not otherwise specified herein.

## COUNT X
### Negligent Hiring, Training and Supervision
### (MGM Springfield, LLC)

87. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 86 of the Complaint and, by reference incorporates the same herein.

88. The Defendant MGM hired security personnel to work in and around the casino, including on the casino floor.

89. The Defendant MGM owed a duty to the Plaintiff to exercise reasonable care when hiring its security personnel, and to hire individuals who have a certain level of education, training, experience, intelligence, judgment and temperament.

90. The Defendant MGM owed the Plaintiff a duty to exercise reasonable care when training and supervising its security personnel.

91. The Defendant MGM breached its duties to the Plaintiff by, inter alia: failing to exercise reasonable care when hiring, training, and supervising its security personnel.

92. As a direct and proximate result of the Defendant MGM's breaches of duty and negligence, the Plaintiff has suffered and continues to suffer: serious bodily injuries, mental and physical pain and suffering, loss of enjoyment of life, and permanent scarring and other damages not otherwise specified herein.

WHEREFORE, the Plaintiff requests this Court enter judgment against the Defendants jointly and severally on all counts of this Complaint and where appropriate:

a. Award compensatory damages;

b. Award punitive damages;

c. Award interest and costs of this action to the Plaintiff;

d. Award attorneys' fees to the Plaintiff; and

e. Award such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

The Plaintiff, Michael Criscio,
By and through his attorneys,

Dated:  April 13, 2022

*/s/ Taylor S. Lavallee*
Raipher D. Pellegrino, Esquire
BBO#:560614
E-mail: rdp@raipher.com
Taylor S. Lavallee, Esquire
BBO#: 703603
E-mail: tsl@raipher.com
Raipher, P.C.
265 State Street
Springfield, MA 01103
Tel. No.: (413) 746-4400
Fax. No.: (413) 746-5353