UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL CRISCIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cv-30044-MGM |
| | ) | |
| CITY OF SPRINGFIELD, | ) | |
| MGM SPRINGFIELD, LLC, | ) | |
| BLUE TARP REDEVELOPMENT, | ) | |
| LLC D/B/A MGM SPRINGFIELD, | ) | |
| CHRISTOPHER COTTO, | ) | |
| STEVEN MOORE, and | ) | |
| GARY SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER REGARDING
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
APPROVING EXPERT DEPOSITION FEE AS REASONABLE
(Dkt. No. 111)

MORGAN, U.S.M.J.

Plaintiff Michael Criscio ("Plaintiff") has moved pursuant to Fed. R. Civ. P. 26(c)(1)(b) and (b)(4)(E) for a protective order "approving the deposition fee of its [sic] disclosed expert, Darrin Porcher, Ed.D, as reasonable" (Dkt. No. 111, at 1). In his motion, Plaintiff asserts that Dr. Porcher's $4,500 flat fee for attending a deposition is reasonable given his training and experience, and the fact that he has charged this flat fee before without dispute. Plaintiff also contends that requiring the payment of the flat fee "promotes fairness and efficiency" (*id.*, at 4). Defendant Christopher Cotto ("Defendant Cotto") opposes the motion, arguing that the fee is unreasonable and that the Federal Rules of Civil Procedure do not allow Plaintiff to

demand the prepayment of an expert fee prior to the expert appearing for a deposition (Dkt. No. 113). Defendant Cotto further requests in his opposition that the court enter an order that Dr. Porcher shall be compensated "at his standard rate of $300.00 per hour for the actual time he spends testifying at his deposition, payable upon the conclusion of the deposition" (*id.*, at 3).

For the reasons stated below, the court finds that Dr. Porcher's flat fee is not reasonable and DENIES Plaintiff's motion. The court ORDERS Plaintiff to produce Dr. Porcher to appear at any deposition noticed by any defendant without advance payment of any fees. The court further ORDERS Plaintiff, following the conclusion of Dr. Porcher's deposition, to provide the party taking the deposition with an invoice from Dr. Porcher reflecting his actual time spent at the deposition, rounded up to the nearest half hour, at a rate of $300 per hour. In addition, to the extent that the parties request an extension of the current deadlines in this matter, the court ORDERS the parties to confer and file a motion with a proposed schedule no later than June 3, 2026.

BACKGROUND

Plaintiff initiated this action on April 13, 2022, asserting claims against Defendant Cotto in his individual and official capacity as an officer of the Springfield Police Department, the City of Springfield, MGM Springfield, LLC ("MGM"), the Department of the Massachusetts State Police ("State Police"), Steven Moore ("Moore") in his individual and official capacity as a trooper of the State Police, and MGM security manager Gary Smith ("Smith") in connection with an

alleged assault and battery and false arrest on or about May 11, 2019, at the MGM

Casino in Springfield, Massachusetts (Dkt. No. 1).[1] In a first amended complaint,

Plaintiff asserted violations of his civil rights under 28 U.S.C. § 1983 ("Section

1983") against Defendants Cotto and Moore, the City of Springfield, and the State

Police, as well as tort claims against Defendants Cotto, Moore, and Smith, the City

of Springfield, the State Police, and MGM (Dkt. No. 26). Following Fed. R. Civ. P. 12

motion practice (Dkt. Nos. 21-22, 34-37, 42-43), Plaintiff filed a second amended

complaint adding Blue Tarp Redevelopment, LLC d/b/a MGM ("Blue Tarp"), MGM's

contracted security personnel, as a defendant (Dkt. No. 67). Plaintiff's remaining

claims in this litigation, as alleged in the second amended complaint, are: (1)

excessive force in violation of Section 1983 against Defendants Cotto and Moore

(Counts II and IV, respectively); (2) assault and battery against Defendants Cotto,

Moore, and Smith (Count VI); (3) false arrest/imprisonment against Defendant

Smith (Count VII); and (4) negligent hiring, training, and supervision against MGM

and Blue Tarp (Count X) (Dkt. No. 67).

After the conclusion of motion practice, the parties proceeded with discovery.

Plaintiff timely disclosed Dr. Porcher as a testifying expert in the field of law

enforcement and excessive use of force (Dkt. No. 111, at 1). As set forth by Plaintiff,

Dr. Porcher charges "an hourly billing rate for document review and field work in

the amount of $300.00/hour, and a flat fee of $4,500.00 per day for depositions and

---

[1]    Plaintiff's initial complaint mistakenly named "Gary Scott" as a defendant
(Dkt. No. 1). On November 7, 2022, Plaintiff filed an amended complaint correctly
naming Gary Smith (Dkt. No. 26).

trial testimony" (*id.* at 2). After Plaintiff designated Dr. Porcher, Defendant Cotto "noticed Dr. Porcher's deposition for March 20, 2026, at which time Dr. Porcher produced an invoice for a flat fee of $4,500.00, to be paid prior to his deposition" (*id.*).[2] Defendant Cotto contested the fee (*id.*). Because the parties could not resolve their dispute, Plaintiff filed the instant motion on April 20, 2026 (*id.*), which Defendant Cotto opposed (Dkt. No. 113). The district judge referred the motion to the undersigned on April 21, 2026 (Dkt. No. 112).

LEGAL STANDARD

Fed. R. Civ. P. 26(b)(4)(E) requires that, "[u]nless manifest injustice would result," the court must require the party seeking to depose an opponent's expert to pay the expert "a reasonable fee for time spent in responding to discovery . . . ." In assessing whether an expert's fee is reasonable, the court considers the following factors:

> 1) the expert's area of expertise, 2) the expert's necessary training and education, 3) the prevailing rates for comparable expert witnesses, 4) the nature, quality, and complexity of the discovery provided, 5) the cost of living in the relevant community, 6) the fee being charged by the expert to the party who retained him, 7) fees traditionally charged by the expert on related matters, and 8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

---

[2] In his motion, Plaintiff refers to "Defendant City of Springfield" as the party noticing the deposition (Dkt. No. 111, at 2). The City of Springfield, however, is no longer a party to this litigation (Dkt. No. 89). Because Defendant Cotto, who opposes the motion, is employed by the city and is represented by an attorney in the city's law department, the court assumes that any references to the "City of Springfield" in Plaintiff's motion were intended to refer to Defendant Cotto. To the extent the court's understanding is incorrect, however, it would not alter its analysis of the reasonableness of Dr. Porcher's flat fee.

*Cabana v. Forcier*, 200 F.R.D. 9, 15-16 (D. Mass. 2001). As the parties agree,

> Those factors, however, merely serve to guide the court, and "[t]he ultimate goal must be to calibrate the balance so that a plaintiff will not be unduly hampered in his/her efforts to attract competent experts, while at the same time, an inquiring defendant will not be unfairly burdened by excessive ransoms which produce windfalls for the plaintiff's experts."

*Id.* at 16 (alteration in original) (quoting *Anthony v. Abbott Lab.,* 106 F.R.D. 461, 465 (D.R.I. 1985)).

Because a motion for a protective order pursuant to 28 U.S.C. § 636(b)(1)(A) is non-dispositive, the court has authority to rule on it. *See, e.g., Acevedo-Sullivan v. Smithfield Packaged Meats Corp.*, CIVIL ACTION NO. 22-40134-MRG, 2024 WL 6111539, at *1 (D. Mass. Oct. 16, 2024) (deciding motion for protective order referred by the district judge).

<u>ANALYSIS</u>

Pursuant to Fed. R. Civ. P. 26(b)(4)(E), a party seeking to depose an opponent's expert is required to compensate the expert for "time spent" responding to discovery. The rule does not allow an expert to require payment of fees before he is deposed. *See, e.g., Flores v. United Fire & Cas. Co.*, No. 5:19-CV-21, 2020 WL 13157785, at *2 (S.D. Tex. Aug. 12, 2020) (collecting cases) ("[T]here is consensus among courts in sister circuits that Rule 26 does not contemplate the *prepayment* of expert fees."). Nor does the rule permit an expert to charge a flat fee for his attendance at a deposition. *See, e.g.¸ Johnson v. Spirit Airlines, Inc.*, No. CV 07– 1874 (FB)(JO), 2008 WL 1995117 (E.D.N.Y. May 6, 2008) (holding that the expert

witness sought to be deposed "may not insist on advance payment, and may not set a flat fee before he knows what he will be called upon to do . . . [but] may instead charge only a reasonable hourly fee"). Thus, under the rule, Dr. Porcher is only entitled to payment of fees after his deposition for the time spent at his deposition.

Moreover, even if Rule 26(b)(4)(E) permitted experts to charge flat fees to attend depositions, Plaintiff fails to establish the reasonableness of Dr. Porcher's fee. Plaintiff first contends that Dr. Porcher's area of expertise, training, and practical experience (the first and second *Cabana* factors) justify the fee because "[c]ourts routinely recognize that experts with substantial experience and niche knowledge command higher fees . . . " (Dkt. No. 111, at 4). The court accepts Plaintiff's representation that Dr. Porcher has specialized training, knowledge, and experience. The court also agrees that experts with more specialized training, knowledge, and experience often bill at higher rates than other experts who lack the same. But Plaintiff is not seeking court approval for a rate that is higher than that of other experts and, in fact, does not identify any other experts or the rates they charge. Rather, he is seeking to have the court find it reasonable for Dr. Porcher to charge Defendant Cotto and Plaintiff different rates (a $4,500 flat fee and $300 per hour, respectively) for expert work. The court is not aware of any authority supporting the proposition that an expert can charge two parties in the same litigation at different rates because of his training, specialization, and experience.

Further, although Plaintiff does not address it in his motion, the court notes that the sixth *Cabana* factor specifically provides for the consideration of "the fee

6

being charged by the expert to the party who retained him." *Cabana*, 200 F.R.D. at 15. As noted, Dr. Porcher bills Plaintiff at a rate of $300 per hour, which is a fraction of what he seeks to charge Plaintiff on an hourly basis where, according to Defendant Cotto, Dr. Porcher's deposition will likely last three to four hours (Dkt. No. 113, at 2). As a result, if Defendant Cotto were required to pay Dr. Porcher's $4,500 flat fee, it would be the equivalent of paying him $1,125 to $1,500 an hour, 3.75 to 5 times the $300 per hour rate Dr. Porcher is charging Plaintiff. Even if the deposition lasted a full seven-hour day, as contemplated by Fed. R. Civ. P. 30(d)(1), it would amount to an hourly rate of $643 per hour, more than double the rate Plaintiff pays. As a result, the court cannot view the demanded flat fee as anything other than "an excessive ransom" that creates a "windfall" for Plaintiff's expert. *Anthony,* 106 F.R.D. at 465. Therefore, the first, second, and sixth *Cabana* factors do not support Dr. Porcher charging a $4,500 flat fee for his deposition.

Plaintiff also attempts to rely on the seventh *Cabana* factor, arguing that Dr. Porcher's flat fee is reasonable because it has "has been accepted in other cases without dispute" (Dkt. No. 111, at 4). In support of his argument, Plaintiff provides only the barest information, identifying two cases by name, without any citations (Dkt. No. 111, at 2 n.1). Even crediting Plaintiff's representation that Dr. Porcher's flat fee was paid in the cases he identifies, this factor carries little weight in

assessing the reasonableness of the fee here given that the court has no information regarding why the parties in those cases chose to pay Dr. Porcher's fee.[3]

Finally, Plaintiff contends that requiring Defendant Cotto to pay Dr. Porcher's flat fee "promotes fairness and efficiency" because compensating him at a lower rate "would effectively penalize him for his specialization and track record of compensation at that level"[4] (Dkt. No. 111, at 4). But a finding by this court that Dr. Porcher's flat fee is unreasonable, and that the hourly rate he bills to Plaintiff is reasonable, would not "penalize" him. Rather, it would simply be an acknowledgment of what Dr. Porcher and Plaintiff already recognized—that $300 per hour is an appropriate level of compensation for Dr. Porcher to receive based on his training, experience, and specialization. Moreover, it would be fundamentally *unfair* to require Defendant Cotto to provide a windfall to Dr. Porcher in the form of

---

[3]     Although the court cannot be certain, one of the cases cited by Plaintiff, *Gugino v. City of Buffalo, et al.*, appears to be a lawsuit initiated in the United States District Court for the Western District of New York, which involves claims of unlawful use of force. *See Gugino v. City of Buffalo, et al.,* No. 21-CV-00283-LJV-LGF, 2025 WL 1260691 (W.D.N.Y. May 1, 2025). If that is the case Plaintiff references, the court notes that at least one session of the Western District of New York found that a party may not demand prepayment of a fee for an expert to appear at a deposition and that the expert may only bill for the time spent at the deposition. *See Wile v. James River Ins. Co.*, No. 17-CV-1275S(Sr), 2020 WL 410071, at *3 (W.D.N.Y. Jan. 24, 2020). The court was unable to identify in what jurisdiction the other referenced case, *Hines v. Smith, et al.*, may have been filed.

[4]     *Cabana* does not explicitly identify "fairness and efficiency" as a factor. *See Cabana*, 200 F.R.D. at 15-16. Nevertheless, "fairness and efficiency" can be considered under the eighth factor, which permits consideration of "any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26." *Id.* at 16.

a $4,500 flat fee regardless of the length of his deposition while the Plaintiff is only required to pay an hourly rate for any expert work.

In considering the above factors, the court finds that Dr. Porcher's $4,500 flat fee for appearing at a deposition is unreasonable.[5] The court therefore directs Plaintiff to produce Dr. Porcher for his deposition without requiring the party noticing the deposition to prepay any expert fees. Following the deposition, Dr. Porcher may submit an invoice for his actual time spent at the deposition, rounded up to the nearest half hour, billed at a rate of $300 per hour.

## CONCLUSION

For the foregoing reasons, the court finds that Dr. Porcher's flat fee is not reasonable and DENIES Plaintiff's motion. The court ORDERS Plaintiff to produce Dr. Porcher to appear at any deposition noticed by any defendant without advance payment of any fees. The court further ORDERS Plaintiff, following the conclusion of Dr. Porcher's deposition, to provide the party taking the deposition with an invoice from Dr. Porcher reflecting his actual time spent at the deposition, rounded up to the nearest half hour, at a rate of $300 per hour. In addition, to the extent that the parties request an extension of the current deadlines in this matter, the court ORDERS the parties to confer regarding a proposed schedule and file a motion with the proposed schedule no later than June 3, 2026.

---

[5]   Because Plaintiff does not rely on the other factors set forth in *Cabana* in arguing that Dr. Porcher's flat fee is reasonable, the court does not address them here.

9

/s/ Christopher L. Morgan
CHRISTOPHER L. MORGAN
United States Magistrate Judge

DATED: June 1, 2026